UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KERSEE K. ANDERSON, <br><br> Plaintiff, <br><br> v. <br><br> JOHN ESPAR, et al., <br><br> Defendants. | CAUSE NO.: 3:18-CV-736-RLM-MGG |

OPINION AND ORDER

Kersee K. Anderson, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). This court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Anderson alleges that his rights were violated by John Espar and Rebecca Butiendorp of the LaPorte County Prosecutor's Office, and Detective Kenneth Havlin of the Michigan City Police Department. Mr. Anderson was prosecuted and convicted of murder and being a felon in possession of a firearm under cause number 46D01-1610-MR-006. He alleges that, during his trial, the

prosecutors allowed hearsay evidence to be admitted, and that this violated his Fourth and Fifth Amendment rights. He further alleges that Detective Havlin violated his rights be interviewing two witnesses in the same room at the same time, coercing them to collaborate in developing their fictitious statements. This allegedly coerced testimony was then presented at Mr. Anderson's trial.

Mr. Anderson asks that his state court conviction be vacated and the charges against him dismissed. However, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." Heck v. Humphrey, 512 U.S. 477, 481 (1994).

Mr. Anderson also seeks monetary damages as a result of these alleged wrongs. "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643 (1997). Because a favorable ruling on these claims would necessarily imply that Anderson's conviction and sentence were invalid, this claim must be dismissed.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." Carpenter v. PNC Bank, Nat. Ass'n, 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted); Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013); Hukic v. Aurora Loan Servs., 588 F.3d 420, 432

(7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because it doesn't state a claim on which relief can be granted.

SO ORDERED on September 11, 2018

/s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT